[105]   *CHARLES F. PARKER, RESPONDENT, *v.* PETER SMITH, APPELLANT.

TRIAL — POWER OF COURT. — The Court may, of its own motion, strike out and instruct the jury to disregard the illegal testimony of a witness, although rendered without objection from the opposite party.

APPEAL from the Superior Court of the City of San Francisco.

The facts of this case, and the questions of law involved, sufficiently appear in the opinion of the Court.

*Shattuck, Crockett & Baker,* for Appellant.

The testimony having been received by the plaintiff without objection at the time, it was too late to make the objection afterwards. (1 Denio, 518; *State* v. *Bodin,* 4 Cow. 355.)

*Wm. H. Rhodes,* for Respondent.

Objection was made after the cross-examination; the objection did not come too late. (1 Greenleaf Ev. § 421, *et seq.*; 1 Stark. Ev. 124; 2 Camp. 14; 2 Swan, 400; 1 Phil. Ev. p. 13.)

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

On the trial of this cause, one of the witnesses deposed to a state of facts which, upon his cross-examination, proved to be hearsay evidence, and wholly inadmissible; whereupon the Court ordered the testimony of the witness to be stricken out and instructed the jury to disregard it.

The appellant assigns this as error; first, because the testimony was not objected to, *in limine,* by the respondent; and, second, because the Court, of its own motion, ruled it out.

The objection is not well taken. The respondent could not know the witness' means of information, until he was subjected to a cross-examination, and ought not to be required to except * to testimony before it ap- [106] peared that such testimony was objectionable.

The right of the Court to interfere is also undoubted. The testimony was clearly improper. The duty of the Court is not confined to passing upon such portions of testimony as may be excepted to, but extends to the preservation of the rights of litigants, and a proper disposition of the matters in controversy.

Judgment affirmed.