[No. 19449.   Department One.—September 4, 1895.]

J. K. TUFFREE ET AL., APPELLANTS AND RESPONDENTS, *v.* C. B. POLHEMUS ET AL., APPELLANTS AND RESPONDENTS.

ADVERSE POSSESSION — STATUTE OF LIMITATIONS — PATENT CONFIRMING MEXICAN GRANT.—The statute of limitations does not commence to run against parties claiming under a patent confirming a Mexican grant until the date of the issuance of the patent, if the adverse claimant does not show the existence of a perfect grant prior to the issuance of the patent.

ID.—PAYMENT OF TAXES—AGREEMENT.—Payment of taxes by the adverse possessor is essential to the obtaining of title by adverse possession, and

the adverse claimant cannot rely upon an agreement by one of the parties against whom the patent is invoked, promising to pay the taxes for the possessor.

QUIETING TITLE—EQUITABLE TITLE—PLEADING—PROOF—OBJECTION UPON APPEAL.—Where the plaintiff relies upon an equitable title in an action to quiet title, objection to the sufficiency of the complaint in stating the facts showing the equitable title cannot be taken for the first time upon appeal, where the evidence showing the equitable title of plaintiff was admitted without objection.

ID.—RIGHTS OF HOLDER OF EQUITABLE TITLE—CONSTRUCTION OF CODE.— Under section 738 of the Code of Civil Procedure the holder of an equitable title has the right to come before the court in an action to quiet title and have his equities declared superior to any and all opposing equities; although, as a general rule, the possessor of an equitable title cannot bring an action to quiet such title against the holder of a legal title.

ID.—EXECUTED PAROL GIFT.—An executed parol gift of land by a father to his daughter vests in her his interest in the land.

ID.—EXECUTED PAROL PARTITION.—Land in this state may be partitioned by parol; and where the title is held by a mere naked trustee, and the cotenants, who are the beneficiaries, entered into a verbal agreement that they would each select a section from among the lands comprising the tract, and that such selection, so made, should be owned by the person selecting in severalty, and under this agreement possession was taken of a selected section by one of the cotenants which was given by him to his daughter, who maintained the exclusive possession for many years, cultivated it and made valuable improvements thereon, and such cultivation and improvements were known to the trustee and to all the cotenants, the facts show an executed parol partition.

ID.—RATIFICATION OF SELECTION.—Where it was originally agreed that whatever selection was made by any of the cotenants should belong to them in severalty, there is no necessity for a ratification after the selection is made; nor is it necessary that they should know that the land had been selected, or subsequently agree that it should be owned by the cotenant selecting it, or by his donee in severalty.

CROSS-APPEALS from a judgment of the Superior Court of Los Angeles County and from orders denying a new trial.   W. H. CLARK, Judge.

The facts are stated in the opinion of the court.

*A. M. Stephens*, and *Chapman & Hendrick*, for Plaintiffs.

The statute of limitations is sufficiently pleaded by reference to section 318 of the Code of Civil Procedure. (*Kockemann* v. *Bickel*, 92 Cal. 666.)   It is not necessary to allege that the taxes have been paid as required by

section 325. (*Ball* v. *Nichols*, 73 Cal. 193.) The plaintiff may recover upon an equitable title. (*Reynolds* v. *Lincoln*, 71 Cal. 183; *Landregan* v. *Peppin*, 94 Cal. 466, 467; *Rough* v. *Simmons*, 65 Cal. 227; *Heeser* v. *Miller*, 77 Cal. 192; *Castro* v. *Barry*, 79 Cal. 443, 446, 447; *McKinnie* v. *Shaffer*, 74 Cal. 614.) A title acquired under the statute of limitations may be quieted. (*Hayes* v. *Martin*, 45 Cal. 559.) Possession is adverse if it is hostile to the opposite party, though it may be in subordination to the paramount proprietor. (*Page* v. *Fowler*, 28 Cal. 605; *McManus* v. *O'Sullivan*, 48 Cal. 7; *Lord* v. *Sawyer*, 57 Cal. 65.) A parol gift followed by possession in the donee and valuable improvements confers an equitable title. (*Frame* v. *Frame*, 32 W. Va. 463; *Burlingame* v. *Rowland*, 77 Cal. 315; Pomeroy's Specific Performance, sec. 130; *Freeman* v. *Freeman*, 43 N. Y. 34; 3 Am. Rep. 657; *Moore* v. *Pierson*, 6 Iowa, 279; 71 Am. Dec. 409.) A partition of realty may be made by parol, followed by exclusive possession. (*Grimes* v. *Butts*, 65 Ill. 347; *Nichols* v. *Padfield*, 77 Ill. 253; *Hazen* v. *Barnett*, 50 Mo. 506; *Buzzell* v. *Gallagher*, 28 Wis. 678.)

*Stephen M. White*, and *Bicknell & White*, for Defendants.

The statute of limitations does not run against the owner of a Mexican grant until the issuance of the patent. (*Gardiner* v. *Miller*, 47 Cal. 570; *Hartman* v. *Reed*, 50 Cal. 485; *Anzar* v. *Miller*, 90 Cal. 342.) An equitable title must be fully pleaded. (Waterman on Specific Performance, secs. 88, 89; *Daniel* v. *Collins*, 57 Ala. 625; *Light Street Bridge Co.* v. *Bannon*, 47 Md. 129; *Jones* v. *Jones*, 49 Tex. 683.) The remedy for breach of a parol contract of agreement is exclusively in equity. (*Frame* v. *Frame*, 32 W. Va. 463.) A parol agreement for partition creates only an equity, which must be pleaded. (*Gates* v. *Salmon*, 46 Cal. 361.) The statute of frauds prevents the enforcement of a verbal agreement of partition. (Freeman on Cotenancy and Partition, sec. 397; *Den* v. *Longstreet*, 18 N. J. L. 414; *Duncan* v. *Sylvester*, 16

Me. 388; *Chenery* v. *Dole*, 39 Me. 164; 1 Washburn on Real Property, 685; 3 Parsons on Contracts, 393; Brown on Statute of Frauds, 4th ed., sec. 71.) A parol partition, to be valid, must be followed by several possession. (*Buzzell* v. *Gallagher*, 28 Wis. 681; *Lanterman* v. *Williams*, 55 Cal. 60; *Long* v. *Dollarhide*, 24 Cal. 218.) An unexecuted parol agreement between joint proprietors is not binding, and either party may rescind the agreement. (*Woodbeck* v. *Wilders*, 18 Cal. 131.) Plaintiffs' entry was permissive, and their possession not hostile. (1 Am. & Eng. Ency. of Law, sec. 19, p. 251, and note; *First Nat. Bank* v. *Guerra*, 61 Cal. 113; *Frink* v. *Alsip*, 49 Cal. 103, 105; *Mauldin* v. *Cox*, 67 Cal. 394; *Brown* v. *Clark*, 89 Cal. 202.)

GAROUTTE, J —This action was brought to quiet title to a tract of land containing six hundred and forty acres. The complaint is in the usual form, and contains the additional allegation that plaintiff, Mrs. Tuffree, had been in the open, notorious, peaceable, continuous, and adverse possession of the tract for more than fifteen years. The answer denied the allegations of the complaint, and alleged that by a tripartite indenture, executed in 1868, between Abel Stearns and his wife, of the first part, Alfred Robinson, of the second part, and Samuel Brannan, E. F. Northam, Charles B. Polhemus, Edward Martin, and Abel Stearns, parties of the third part, they, Stearns and wife, conveyed to Robinson certain lands, including the lands here involved. The lands so conveyed were several Mexican grants, containing more than one hundred thousand acres. The deed was made to Robinson, in trust, to hold possession, and sell and convey upon such terms and in such quantities as he might see fit, with the consent of the parties of the third part.

In the findings of fact the trial court declared: "That about the time of the execution of the indenture the beneficiaries (parties of the third part) did enter into a verbal agreement that they would each select a section

from among the lands, and that these selections so made should be owned by the persons selecting in severalty, their object being to demonstrate, by planting and cultivating, the productiveness of the soil." The court further found that under such agreement Polhemus made a selection of the land here in dispute; that this selection was made in the year 1872, and Polhemus verbally stated to his daughter, plaintiff Tuffree, that he gave her the land; and she, relying upon such statements and representations, with his consent and approval, took possession thereof with her husband, cultivated and improved the same, and has been living thereon since that time. The court further found that neither Robinson nor any of the parties of the third part, except Polhemus, knew that Mrs. Tuffree was holding and claiming the land under the gift from Polhemus, nor did they know that Polhemus had selected this particular land under the agreement aforesaid. At this time Polhemus owned one-fourth of all the land conveyed to the trustee, Robinson. During all the time since 1872 plaintiffs have cultivated the land, and have made improvements thereon to the value of seven thousand dollars, with the knowledge of the trustee and the parties of the third part; and during said time plaintiff, Mrs. Tuffree, has claimed said land, and asserted that she owned the same under an agreement with her said father, Polhemus. The court further found: "That the trustee had paid the taxes, and the premises constituted a portion of a Mexican grant, and that a patent therefor had issued on the 21st of May, 1877."

As conclusions of law the court declared that there was an executed parol gift from Polhemus to Mrs. Tuffree, and that such gift vested in her all the title to said property held by Polhemus, but not the title of his cotenants. The court also concluded that there was no executed parol partition of the lands, nor any part of them, and that the plaintiffs were entitled to judgment against Polhemus, and that the defendants, other than Polhemus, were entitled to judgment against the plain-

tiffs.   Both parties appeal from the judgment, so far as
it is against them, and also from an order denying their
respective motions for a new trial; and cross-appeals are
now before us upon the one transcript.

1.  Did the plaintiff, Mrs. Tuffree, secure title to this
property by adverse possession for the requisite period?
Without a consideration of the evidence as to the char-
acter of her possession, we are prepared to say that she
has not shown herself to be in a position to successfully
plead the statute of limitations.   This land constituted
a portion of a Mexican grant, a patent to which was not
issued until May 21, 1877.   The statute of limitations
did not commence to run until the date of the patent.
(*Anzar* v. *Miller*, 90 Cal. 342.)   In some of the earlier
cases it has been intimated that possibly the statute
might run before confirmation and issuance of patent,
where a "perfect grant" existed; but, when invoking
the statute of limitations, it would seem to be somewhat
of a misnomer to term any Mexican grant a "perfect
grant" until confirmed by commission or court, and a
patent issued upon such confirmation.   Especially would
this seem to be so in view of *Botiller* v. *Dominguez*, 130
U. S. 238, where it is held that every grant, however
perfect, must be submitted to and confirmed by the
proper authorities before any valid title vests.   But in
this case, if the principle were otherwise, Mrs. Tuffree
would not be benefited; for the burden would still be
upon her to show the existence of a "perfect grant"
prior to the issuance of the patent, and this she has not
attempted to do.   Since the issuance of the patent she
has not obtained title by adverse possession, for she has
paid no taxes upon the land.   Neither does it appear
that Polhemus paid the taxes for her benefit, or at all;
for the court has found that Robinson, the trustee, paid
the taxes.   As an element in the creation of her title, it
was all-important that she should have paid the taxes.
This she has not done, nor does the fact that Polhemus
promised to pay them for her, extricate her from the
difficulty.   Polhemus is one of the parties against whom

she is invoking the statute, and she certainly should not have relied upon his promises. We conclude that Mrs. Tuffree has no title by virtue of the statute of limitations.

2. Defendants insist that, inasmuch as plaintiff's title is purely equitable, her remedy is an action for specific performance, and that an action to quiet title cannot be maintained; and further contend that, if this conclusion be erroneous, still under any circumstances the facts showing her equitable title should be set out by her complaint. We do not deem it necessary to determine whether or not the allegations of the complaint are sufficiently broad to justify proof of an equitable title in Mrs. Tuffree, for the evidence showing her equitable title was admitted without objection; and it is now too late to attack the sufficiency of the pleading in this particular.

3. There are cases in this state holding that the possessor of an equitable title cannot bring an action to quiet such title against the holder of the legal title (*Von Drachenfels* v. *Doolittle*, 77 Cal. 295; *Nidever* v. *Ayers*, 83 Cal. 39; *Bryan* v. *Tormey*, 84 Cal. 126; *Harrigan* v. *Mowry*, 84 Cal. 456); and this is the general doctrine. (*Frost* v. *Spitley*, 121 U. S. 552.) But, as this court in the past has had occasion to remark, section 738 of the Code of Civil Procedure is broad in its terms; it possesses no limitations or restrictions; and we see no reason why it does not vest in the holder of an equitable title the right to come before the court and have his equities declared superior to any and all opposing equities. If there are outstanding and antagonistic equities, we know of no sound policy which would .deny claimants thereunder an adjudication upon them by virtue of the provisions of this section of the code. In *Watson* v. *Sutro*, 86 Cal. 500, it was held that the owner of an equitable interest was entitled to have his interest set aside in partition, and we repeat with approval what is there said as to this class of estates; "In fact, in most cases in this state the difference between equitable and

legal estates is of no practical importance. They are both estates originating by law, and held under law, and in that sense are legal estates, and where a court is at liberty to rely upon the rule of equity of considering that as done which ought to be done, the difference between an estate so regarded and an estate at law is not worthy of consideration." It is apparent at a glance that, if an action for partition will lie in such a case, then an action by the holder of an equitable title against parties claiming adverse equities should be recognized and countenanced under the foregoing section of the code. For these reasons we think the action maintainable against all the defendants, except Robinson, the holder of the legal title.

4. Many findings of the court have been attacked by the opposing appellants as unsupported in the evidence. It would subserve no useful purpose in this opinion to enter into an examination of the record in this regard in detail. We have carefully gone over it, and are fully satisfied that all of the material findings of fact are supported by the evidence. Upon those findings we entirely agree with the trial court in its conclusion of law that the parol gift of this land by Polhemus to his daughter, Tuffree, vested in her his interest therein, for that there was an executed parol gift to her cannot be questioned by the evidence or findings.

5. Upon the remaining branch of the case we are compelled to arrive at a contrary conclusion from that of the trial court. The findings of fact establish an executed parol partition; and that land may be partitioned by parol in this state is well settled. (*Long* v. *Dollarhide*, 24 Cal. 218.) We have here a tract of land containing more than one hundred thousand acres, owned by five tenants in common. The land appears to have been wild and uncultivated. The title was placed in the name of one Robinson, who appears to be a mere naked trustee. The cotenants evidently were desirous of renting and selling, and with the object of demonstrating, by planting and cultivating, the pro-

ductiveness of the soil, they entered into a verbal agreement that they would each select a section from among the lands comprising this immense tract, and that such selection, so made, should be owned by the person selecting in severalty. Under this agreement Polhemus selected a section which he gave to his daughter, the plaintiff herein. She entered into the possession thereof, claiming the same; has had the exclusive possession for more than fifteen years; has cultivated the same, and made improvements thereon to the value of seven thousand dollars; and said cultivation and making of improvements were known to Robinson and all the cotenants. This is a strong showing, and clearly indicates an example of an executed parol partition; for Mrs. Tuffree certainly stands in as good a position with reference to this case as Polhemus himself would, if he had done these things and was now seeking to quiet his title against his cotenants. There is nothing in the findings to nullify the conclusion we have arrived at upon the foregoing facts, unless it be the following: "That none of said beneficiaries, except the said C. B Polhemus, had any knowledge that said named plaintiffs were occupying or improving said land under any gift from said Polhemus, nor did said beneficiaries, or either of them, except said Polhemus, know that said land had been selected as aforesaid; nor did they agree that said land, so selected, should be owned by the said Polhemus, or by his donee, Caroline B. Tuffree, in severalty." We do not see how this finding could have any weight, if, as previously suggested, Polhemus were the party plaintiff; and likewise we think it avails nothing against Mrs. Tuffree. This finding of fact discloses nothing violative of the original agreement of partition. We do not see how it is material upon this question that Polhemus' cotenants should have had knowledge that Mrs. Tuffree based her rights upon a gift from her father; nor how it becomes material that the cotenants should have been informed that Polhemus had selected this particular tract of land

under the agreement; nor that they should have agreed after the selection that the land so selected should be owned by the said Polhemus, or his donee, in severalty. That whatever selection was made by any of these cotenants should belong to them in severalty was the original agreement in the first instance, and we see no necessity for a ratification thereof after the selection was made. This tract of land covered an immense territory, and Polhemus' right of selection of any particular tract was as broad as the territory itself. It is evident the owners did not reside upon this body of land, and their lack of knowledge as to Polhemus' selection, or the claims of Mrs. Tuffree thereto, may well be accounted for upon this theory; but, be that as it may, we think none of the facts declared by this finding of the court defeat plaintiffs' claims that her acts, taken in connection with those of Polhemus, constituted an executed parol partition under the original agreement.

For the foregoing reasons the judgment in favor of the plaintiffs and against the defendant Polhemus is affirmed; the judgment in favor of the defendants other than the defendant Robinson is reversed, and the superior court is directed to enter judgment upon the findings of fact in favor of the plaintiffs and against the said defendants other than the defendant Robinson. The order denying a new trial to the defendant Polhemus and to the plaintiffs is affirmed. The costs of this appeal are to be taxed against the defendants other than Robinson. The judgment in favor of the defendant Robinson is affirmed.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.