[S. F. No. 1789. Department One. — March 23, 1901.]

## HENRY SIDDALL, Appellant, v. GEORGE W. HAIGHT, Respondent.

ATTORNEY AND CLIENT — ACTION FOR NEGLIGENCE OF ATTORNEY — DELAY IN LEVYING EXECUTION AGAINST HUSBAND — SEPARATE PROPERTY OF WIFE — NONSUIT. — In an action by a client against his attorney for alleged negligence of the attorney in delaying a levy of execution until after the expiration of a judgment lien, and until a homestead claim was filed by the wife of the judgment debtor, the attorney is entitled to a nonsuit, where the evidence shows that the debtor owned no property subject to execution, and that the property sought to be levied upon, and upon which the lien was claimed by the client, was the separate property of the debtor's wife.

ID. — PAROL GIFT TO WIFE — ADVERSE POSSESSION — JUDGMENT QUIETING TITLE. — An executed parol gift, made to the wife by her sister, who put the wife in possession of the property, and the adverse possession thereof by the wife, with payment of all taxes thereon, for more than five years, and a judgment in her favor quieting her title against the administrator of her deceased sister, are sufficient to prove title in the wife to the premises so given to her as her separate property.

ID. — HUSBAND LIVING WITH WIFE — PRESCRIPTIVE TITLE OF WIFE. — The fact that the husband was living with the wife under the possession given to her by her sister cannot affect the right of the wife to perfect her title by adverse possession, where the husband claimed no interest in the property.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion.

C. M. Jennings, for Appellant.

John B. Mhoon, for Respondent.

CHIPMAN, C. — Action for neglect of professional duty as attorney for plaintiff. Defendant had judgment on motion for nonsuit, from which and from the order denying his motion for a new trial plaintiff appeals.

Defendant was the attorney for plaintiff in an action against one Robert Thompson, against whom plaintiff recovered judg-

ment for $879.99, on May 18, 1891. The lien of this judgment expired May 18, 1893. Plaintiff testified that he employed defendant on April 1, 1893, to cause levy of execution to be made on certain real property (admittedly the only property in which Thompson had any alleged interest, and out of which alone the judgment could be collected, if at all), being a lot situated in the city of San Francisco. On April 20th, plaintiff paid defendant twenty dollars, of which ten dollars was to go on account of his fees, and ten dollars to pay sheriff's fees for levying execution. Execution was sued out the next day, April 21st, and put in the sheriff's hands, but for some unexplained reason was returned to defendant, and was by him again given to the sheriff, April 25th, and levied. There would have been time to advertise the sale before the expiration of the lien, had the notice been published promptly, but here again, for reasons not clearly appearing, but apparently because the cost of publishing the notice was not prepaid, the publication did not begin until about May 25th, and the day of sale was fixed for June 19th. On the 19th of June, before the hour of sale, Mrs. Thompson filed a declaration of homestead on the lot in question. On account of this homestead being filed, and because of defendant's absence at the time, the sheriff adjourned the sale for a day, and what afterwards took place does not appear. It seems to be conceded by both parties, what is undoubtedly the law, that the execution and levy did not extend the judgment lien, and hence no enforceable judgment lien existed at the time the sale was advertised to take place, the property being then exempt from forced sale by virtue of the homestead. (Civ. Code, secs. 1240, 1241.)

It was admitted that if Thompson had no interest in the lot in question, he was insolvent. It follows that if this lot belonged wholly to Mrs. Thompson as her separate property, it becomes immaterial whether defendant was negligent in failing to have it sold on execution; and this would be true, regardless of the homestead. Plaintiff introduced in evidence the complaint, answer, and judgment in a certain action brought by the administratrix of the estate of Jane Peebles, deceased, against Elizabeth M. Thompson, who was the wife of Robert Thompson, but he was not made a party defendant. The action was to quiet plaintiff's title as administratrix to the lot in question, and it was alleged that defendant, Mrs. Thomp-

son, claimed some interest therein. The complaint was filed November 14, 1891; answer was filed January 11, 1892, on which day the cause was tried. The court found, in that action, that for more than twenty years last past, defendant has been in the actual and continual and exclusive occupation of the premises under claim of title, and has claimed title for that time adversely to all the world; that she maintained a substantial inclosure around the lot, and had paid all the taxes levied or assessed upon the land during all said time, and "that the defendant (Mrs. Thompson) is the owner and entitled to the possession of said land and premises," and decree was accordingly entered. At the trial of the present action plaintiff called Robert Thompson, husband of Elizabeth, as a witness. He testified that he had been married for thirty years, and had resided with his wife on the lot in question since 1862. He testified that he "never owned it," and never had a lease of the premises; that his wife paid the taxes with money she got from her sister, Jane Peebles, the deceased person referred to in the action against Mrs. Thompson. He testified: "I lived with my wife there all this time, on those premises. That property was her sister's; her sister died, and gave it to her. I do not know that my wife's claim to that property was based upon adverse possession." Upon cross-examination he testified: "My wife's sister, Jane Peebles, gave her the property and put her in possession of it, and we have lived there together, under that possession." It is contended, however, by appellant that a verbal gift is impossible; citing section 1091 of the Civil Code and section 1971 of the Code of Civil Procedure.

But there may be an executed parol gift of land (*Tuffree* v. *Polhemus*, 108 Cal. 670); and as the evidence was that Jane Peebles gave the lot to Mrs. Thompson and put her in possession, I do not think the fact that her husband lived on the lot with his wife, "under that possession," as he testified he did, could affect his wife's right to perfect her title by adverse possession. There is no evidence to show that Mrs. Thompson did not reside on the premises before marriage, but we do not think this essential.

Respondent makes the point that the judgment by which Mrs. Thompson was decreed to be the owner of the lot was in effect a conveyance, within the meaning of section 164 of the Civil Code, as amended in 1889, and that the presumption is

that the title was "thereby conveyed in her as her separate property." We do not think it necessary to pass upon this question. There is evidence of an executed parol gift to Mrs. Thompson by her sister, and so far as anything appears, the adverse possession under which Mrs. Thompson was decreed title was the possession thus given, and whether it was before or after her marriage makes no difference. Thompson claimed no interest in the lot, and he testified that he never owned the property. According to plaintiff's view, a wife could never perfect a title in herself by adverse possession which had originated in a gift or devise to her, either before or after marriage, because, as he claims, the joint adverse possession of husband and wife would be, in effect, a purchase with community funds. We cannot agree with appellant. All property owned by either spouse before marriage, and that acquired afterwards by gift, bequest, devise, or descent is separate property. (Civ. Code, secs. 162, 163.) All property otherwise acquired after marriage is community property. (Civ. Code, sec. 164.) Here, however, the right to possession was by gift to the wife; and if, when, later, the administratrix of her sister's estate set up a claim to the premises, Mrs. Thompson could defend by showing subsequent adverse possession; and because the decree adjudged the title in her by adverse possession, it does not follow that the premises became community property. As Thompson had no interest in the property, plaintiff suffered no injury by defendant's alleged negligence. Appellant claims that the question whether or not Thompson had any interest in the land ought to have been left to be determined by future litigation after sale on execution. We do not think so. The complaint is framed on the theory that Thompson owned the premises sought to be levied upon and sold, and before plaintiff could show damage, it was incumbent on him to prove his allegations. This he failed to do, and the nonsuit properly followed.

The judgment and order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.