[L. A. No. 845.   Department Two. — June 12, 1901.]

## M. C. CHASE, Respondent, v. JOHN CAMERON et al., Appellants.

ACTION TO QUIET TITLE — EQUITABLE INTEREST OF PLAINTIFF — EXECUTION PURCHASE — CONTRACT OF SALE. — An action to quiet title cannot be maintained by the owner of an equitable interest, as against the holder of the legal title; and a purchaser under execution of the interest of the vendee under an executory contract of sale cannot maintain an action to quiet his title against the vendor.

ID. — AMENDMENT OF COMPLAINT — RECOVERY OF POSSESSION UNDER CONTRACT — PERFORMANCE OF CONTRACT NOT SHOWN. — An amendment of the complaint, so as to set up the contract of sale, and the purchase of the vendee's interest upon execution, and alleging collusion of the vendee and vendor, by which possession was surrendered in fraud of plaintiff's rights, and seeking to recover the possession from the vendor, should not be allowed, as not stating a cause of action, where the contract pleaded shows that the whole purchase-money was past due when the amended complaint was filed, and a year's interest was past due when the action was commenced, and it is not alleged that the contract was performed by the vendee or the plaintiff on his part.

ID. — IMPROVEMENTS BY VENDEE. — An allegation and finding as to improvements voluntarily made by the vendee is immaterial, and does not tend to show a performance of the contract.

ID. — FINDINGS AGAINST EVIDENCE — NOTICE OF ACTION — FRAUDULENT COLLUSION. — Findings that the vendor had notice of the action against the vendee, and that they fraudulently colluded to defeat a writ of possession, are held to be unsupported by the evidence.

ID. — RIGHT OF POSSESSION — ERRONEOUS CONCLUSION OF LAW. — The vendor was entitled to possession upon failure of the purchaser to perform the contract; and the erroneous conclusion of law that plaintiff was entitled to the possession is not supported by the findings or the evidence.

APPEAL from a judgment of the Superior Court of Orange County and from an order denying a new trial. J. W. Ballard, Judge.

The facts are stated in the opinion.

M. W. Conkling, for Appellants.

J. H. Ardis, and Kendrick & Knott, for Respondent.

HAYNES, C. — Judgment was entered for the plaintiff upon the findings, and the defendants appeal therefrom and from an order denying a new trial.

Defendant John Cameron, being the owner of certain real estate, on September 21, 1895, entered into a contract with one G. A. Clark, whereby he agreed to sell the same to Clark for the sum of $3,550, — $2,000 to be paid December 1, 1897, and $1,550 to be paid December 1, 1898. As to interest upon the purchase-money, the contract provided as follows: "It is hereby agreed that the second party hereto pays to the first parties $240, each and every year, as interest upon the aforesaid $2,000, and $112 as interest upon the said $1,550." The contract was silent as to when the purchaser should have possession, but Clark went into possession, without objection, in January, 1896, and afterwards the plaintiff, M. C. Chase, sunk a well on the land described in the complaint, under a contract with Clark, for the sum of $300, and obtained judgment therefor, and sold the right, title, and interest of Clark in said land, under execution, and on June 19, 1897, obtained the sheriff's deed therefor. Chase thereupon presented his deed to Clark and demanded possession, which Clark refused. Chase afterwards obtained a writ of possession, but before it was served,

Clark surrendered possession to Cameron's agent, and on August 18, 1897, Chase brought this action against Cameron and his wife, and made John Doe and Richard Roe co-defendants.

The suit, as originally brought, was in form of an action to quiet title, alleging that the plaintiff was the owner and entitled to the possession; that defendants claimed some interest, but that such claim was without right.

The cause came on for trial on June 2, 1899, and on that day, by leave of the court, and against the objection of defendants that it did not state facts sufficient to constitute a cause of action, plaintiff filed an amendment to his complaint as "a further and separate cause of action." This amendment alleged the facts hereinbefore stated, charged that defendant Cameron and Clark fraudulently conspired to defeat plaintiff's writ of possession, and, to that end, that Clark surrendered possession and placed Cameron in possession for a valuable consideration. It also alleged, "that at the time this action was commenced" there was nothing due to Cameron upon said agreement; that all of the terms and conditions thereof "due at that time" on the part of Clark had been performed; that plaintiff is the owner of all the right, title, and interest of said Clark; that defendant Cameron had notice of the commencement of his said action against Clark; that Cameron has refused, and "will continue to refuse, to allow plaintiff to exercise the right guaranteed to him by the said contract as the successor in interest of said Clark, and will continue to appropriate to his own use the crops from the said ranch, unless restrained by the court from so doing"; that unless plaintiff's right and interest is established by record, Cameron will sell said property without giving notice to the vendee of plaintiff's rights. A copy of said contract of sale is attached to the complaint. The prayer of the original complaint was, in substance, that defendants be decreed to have no interest or estate in the land or premises, and be forever debarred from asserting any claim adverse to the plaintiff. The amended complaint added to the prayer that said contract "be declared to be a fact; that plaintiff be decreed to be the owner of all the rights and privileges under and pursuant to said agreement," and entitled to the possession of the property.

The answers of defendants put in issue all the material allegations of each of the causes of action, especially the right of

plaintiff to possession of the land, the alleged fraudulent conspiracy with Clark, and the allegation that nothing was due to Cameron upon the contract at the time the action was commenced.

The court found,—1. That plaintiff, at the time the action was commenced, was, and now is, the equitable owner, and as such is entitled to the possession of the land; that Cameron holds the legal title, and claims an interest adversely to the plaintiff; 2. The making of the contract to convey to Clark; that Clark went into possession under said agreement, and made improvements thereon, with the knowledge and consent of Cameron, of the value of $540; 3. That plaintiff obtained judgment against Clark on October 26, 1896, foreclosing Clark's interest and title, the sale thereunder to plaintiff, the deed of the sheriff, whereby he became the owner of all the right, title, and interest of Clark, and that defendants had notice of the commencement of said action against Clark; 4. That on the —— day of June, 1897, plaintiff exhibited his said deed to Clark and demanded possession, which was refused; that a writ of possession was issued to plaintiff; that before it was served, defendant Cameron and Clark fraudulently conspired to defeat said writ, and to that end Clark surrendered possession to Cameron; 5. That the contract between Cameron and Clark was not recorded, and that unless plaintiff's right be established of record, Cameron would dispose of the property without notice to the vendee of plaintiff's equitable right; and as conclusions of law, that plaintiff is the equitable owner of the land, and is now entitled to the possession of the whole thereof; that Cameron holds the legal title, subject to the rights and interests of the plaintiff; and that plaintiff be put in possession; and judgment was entered accordingly.

The plaintiff succeeded to the rights of Clark under the contract of the latter with Cameron, and acquired no other or different right. The allegations of the complaint and the findings concede that plaintiff has nothing more than an equitable title, and that defendant Cameron holds the legal title. An action to quiet title cannot be maintained by the owner of an equitable interest, as against the holder of the legal title. ( *Von Drachenfels* v. *Doolittle,* 77 Cal. 295; *Harrigan* v. *Mowry,* 84 Cal. 456; *Tuffree* v. *Polhemus,* 108 Cal. 676; *Burris* v. *Adams,* 96 Cal. 667; *McDonald* v. *McCoy,* 121 Cal. 71.) This proposi-

tion is elementary. The action, as originally brought, was beyond question an action to quiet title. The new cause of action stated in the amendment to the complaint, I think, was nothing more. If, however, it could be considered an action upon the contract to recover possession, it is fatally defective, and defendants' objection to its being filed should have been sustained. To entitle the plaintiff to any relief, it was essential that he should allege and prove that he, or Clark, to whose rights he had succeeded, had performed the contract upon his part. This amendment was filed on June 2, 1899, and the final payment was due December 1, 1898. It was neither alleged nor found that any payment had ever been made upon the contract, either by Clark or the plaintiff. It was alleged, however, that at the time the action was commenced there was nothing due to Cameron upon said contract. There was no finding upon that allegation. But the contrary appears from the amendment to the complaint. It set out a copy of the contract, which shows that it was made September 21, 1895; that the principal sum for which the land was sold was divided into two payments, — the first due December 1, 1897, and the second, December 1, 1898, — and as to interest it was provided as follows: "It is hereby agreed that the second party hereto pays to the first parties $240, each and every year, as interest upon the aforesaid $2,000, and $112 as interest upon said $1,550." The purchaser was to have the option of paying the principal at any time in advance of the dates fixed, and upon such payment the interest should cease. Respondent contends that the provision relating to interest, being in the present tense, — "he pays each and every year," — is ambiguous, and that a condition involving a forfeiture must be strictly interpreted. There is no ambiguity in the clause relating to interest. The purchaser was to pay interest in a specified amount "each and every year," and more than a year had elapsed, and a year's interest, at the least, was due and unpaid when this suit was commenced. It is, however, alleged, and the court found, that Clark had made improvements on the land, of the value of $540. The allegation and the finding are wholly immaterial. There was no provision in the contract that Clark should make any improvements. They were made voluntarily, for his own benefit. It would be a novel proposition that if he had made in the first year improvements of the value of $3,550, — that

being the whole of the purchase price,—that the property would be paid for, and that he could maintain a bill in equity to compel Cameron to convey the legal title. At the time the new cause of action was pleaded, the whole of the purchase-money was due and unpaid. The plaintiff stood in no better position than if he had purchased Clark's interest and had taken an assignment of his contract, and has no remedy that he would not have had if he had been such assignee, and none that Clark would not have had if his interest under said contract had not been sold by the sheriff. The plaintiff never complied, nor offered to comply, with the terms of said contract, nor with the offer of Cameron, in his answer, to convey to him upon payment of the principal and interest due upon the contract according to its terms.

There is no evidence to support the finding that defendants had notice of the action of Chase against Clark, nor the further finding that Cameron and Clark fraudulently conspired to defeat the writ of possession obtained by the plaintiff. Cameron was entitled to possession under his contract (Clark having defaulted), and was not a party to the action in which the writ was issued, nor do the findings or evidence support the conclusion of law that plaintiff is entitled to possession of the land, nor the judgment awarding him possession. The judgment and order appealed from should be reversed.

Smith, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Henshaw, J., McFarland, J., Temple, J.