[Civ. No. 237.   Third Appellate District.—January 30, 1907.]

## JOSEPH SPOTSWOOD, Appellant, v. J. W. SPOTSWOOD, Respondent.

QUIETING TITLE—RECORD TITLE—PRESCRIPTION—EQUITABLE TITLE—TRUST.—In an action to quiet title, the legal title must prevail over any merely equitable title; and where the record title is in the defendant, and the plaintiff has not established a title by prescription claimed by him, he cannot, in such action, have a trust declared in his favor against the defendant.

ID.—SUPPORT OF FINDINGS FOR DEFENDANT—CONFLICTING EVIDENCE—PRESCRIPTION NOT PROVED.—Where the findings are for the defendant, and the evidence is substantially conflicting, and, keeping in view the elements of adverse possession, which must be shown by clear and positive proof, it is doubtful whether the evidence would support findings for the plaintiff, the court was assuredly justified in finding for the defendant.

ID.—EVIDENCE—DECLARATION OF OWNERSHIP IN THIRD PERSON—QUESTION NOT OBJECTED TO—STRIKING OUT ANSWER—PROVINCE OF COURT.—Where a witness for plaintiff in answer to a preliminary question: "Did you ever hear the defendant say whether or not he owned the land?" answered: "No, sir—well, I have heard him refer to it as being his father's," and defendant moved to strike out the answer on the ground that plaintiff must recover on the strength of his own title etc., although no objection was made to

the question, it appearing that the answer was irresponsive and indefinite as to time, the court did not err in striking it out, and its action will be determined on its merits, and not measured by the reason invoked in the motion to strike out.

Id.—Declarations or Omissions Against Interest—Insolvency Proceedings—Assessment—Land not Included.—Where plaintiff claimed a perfected title by prescription when he became insolvent, his petition and schedules in insolvency and a subsequent assessment for taxes against him, neither of which included the land in controversy, were admissible in evidence against him, as constituting acts, declarations or omissions against his interest.

Id.—Sale of Land to State for Taxes—Continuity of Adverse Possession Broken.—Where the land in controversy was sold for delinquent taxes assessed to the defendant, the continuity of plaintiff's adverse possession was thereby broken between the time of such sale and the redemption made from the state.

Id.—Evidence of Assessments—Assessment-rolls.—The defendant was properly allowed to introduce the assessment-rolls in evidence to prove that the land was assessed, in order that the court might determine whether plaintiff had paid all the taxes, as required by the statute, to obtain a title by prescription.

Id.—Tax Receipts to Defendant—Harmless Ruling.—The admission in evidence of tax receipts in favor of the defendant, if error, was without prejudice, where defendant testified to the payment, and plaintiff afterward admitted it, although claiming that he furnished the money.

Id.—Impeachment of Plaintiff—Competency of Witness—Refusal to Strike Out.—The court did not err in refusing to strike out the testimony of a witness who had testified against plaintiff's reputation for truth, honesty and integrity, stating that he knew his reputation and that it was bad, though his testimony was qualified on cross-examination, where it does not appear that his knowledge on the subject was too imperfect to preclude the court from considering his testimony, and no objection was made to his competency.

Id.—Immaterial Errors Disregarded.—Any errors which, in view of the evidence, could not produce a different result, if the rulings had been in the appellant's favor, are immaterial, and should be disregarded.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

T. L. Carothers, and A. J. Thatcher, for Appellant.

Weldon & Held, for Respondent.

BURNETT, J.—This is an action to quiet title. The complaint is in the usual form. The answer denies that plaintiff is the owner or in the possession of any part of the property in controversy, or has been for several years, and alleges that defendant is and has been since 1891 and 1892 the owner and in possession of the whole of said property, and avers that plaintiff claims some interest in the same which is without right, and asks for judgment quieting defendant's title to said property. The findings follow the denials and averments of the answer. The judgment is the appropriate conclusion from the findings and is in favor of defendant and respondent. From this judgment and from an order denying his motion for a new trial, plaintiff brings this appeal.

The reliance of appellant is exclusively upon a title by prescription. There is no controversy that at the beginning of the action and for a long time prior thereto, the record title was and has been in respondent. A portion of the property was deeded to him by appellant on July 16, 1891; another portion by J. A. Cooper, January 7, 1892, and the residue by A. F. Redemeyer, October 18, 1892. Appellant claims that the conveyance to respondent was to protect said appellant from the rapacity of an unjust and importunate creditor; that appellant paid the consideration for the Cooper deed; and that a mortgage executed by respondent was given to secure the amount due Redemeyer for his conveyance, and that appellant has paid the interest on said mortgage.

However, these considerations were not pressed in the court below, nor is it sought here to have a trust declared in favor of appellant. This probably is in contemplation of the fact that such relief is not within the scope of an action to quiet title, and that in this form of procedure the legal must prevail over the equitable title. (*Castro* v. *Berry,* 79 Cal. 443, [21 Pac. 946]; *Harrigan* v. *Mowry,* 84 Cal. 456, [22 Pac. 658. 24 Pac. 48]; *Tuffree* v. *Polhemus,* 108 Cal. 676, [41 Pac. 806]; *Chase* v. *Cameron,* 133 Cal. 231, [65 Pac. 460].)

1. The contention is made that the evidence is insufficient to support the findings in favor of respondent. The position is untenable. No one can read the transcript without con-

cluding that there is at least a substantial conflict presented by the record. In view of the many decisions of the courts, it would seem to require a good deal of temerity to insist now that, in such a contingency, the appellate court can consider the question of the sufficiency of the evidence. In justice to counsel for appellant, however, it may be said that little significance seems to be attached to this point. Indeed, keeping in view what constitute the elements of adverse possession (1 Am. & Eng. Ency. of Law, 789; *Unger* v. *Mooney,* 63 Cal. 595, [49 Am. Rep. 100]; *Nathan* v. *Diersen,* 146 Cal. 67, [79 Pac. 739]), and remembering that such elements must be shown by clear and positive proof (*Ward* v. *Cochrane,* 150 U. S. 607, [14 Sup. Ct. Rep. 230]; *Irvine's Heirs* v. *McRee,* 5 Humph. (Tenn.) 554, [42 Am. Dec. 468]), it is at least doubtful whether the evidence would support a judgment for appellant. Assuredly, the court was justified in finding for the respondent.

2. John A. Pickle, a witness for the plaintiff, was asked this question: "Did you ever hear the defendant say whether or not he owned the land?" To which he answered, "No, sir—well, I have heard him refer to it as being his father's." The defendant moved to strike out the answer on the ground "that the plaintiff must prevail on the strength of his own title, and any declaration made by defendant that the property does not belong to him, or that it belongs to somebody else, is not evidence tending to show that plaintiff has title." The court granted the motion to strike out and plaintiff excepted. Appellant seems confident of his position here. He says: "We submit that the court erred in striking out the answer, and that no citation of authorities is necessary on so elementary a proposition." No objection was made to the question, but that does not preclude the court from striking out evidence that it deems improper. (*Parker* v. *Smith,* 4 Cal. 105; *People* v. *Wallace,* 89 Cal. 165, [26 Pac. 650]; *Mahan* v. *Wood,* 105 Cal. 14, [38 Pac. 507]; *Davey* v. *Southern Pacific Co.,* 116 Cal. 329, [48 Pac. 117].)

The answer was not directly responsive to the question, and the court's action will be determined upon its merits, and not measured by the reason invoked in the motion to strike out. The question called for a categorical answer of yes or no. Counsel for defendant, knowing that if the answer were responsive it could not prejudice their client, might well re-

frain from objecting to such a preliminary question. Again, the answer was so indefinite as to time that it could neither hurt nor help plaintiff's cause. For aught that appears to the contrary, the remark may have been made while plaintiff was the undisputed owner of the premises. If this be true, assuming that the court's action was erroneous, it was without prejudice. Besides, it may be plausibly argued that the evidence was inadmissible in support of the title by prescription claimed by plaintiff. (*McGrath* v. *Wallace,* 116 Cal. 548, [48 Pac. 719] ; *Shroder* v. *Aden G. M. Co.,* 144 Cal. 630, [78 Pac. 20].) If the question had been asked for the purpose of impeaching defendant, the proper foundation having been laid, it would present a different aspect. No error was committed in the ruling.

3. The court admitted in evidence, over the objection and exception of plaintiff, his petition and schedules in insolvency filed in 1897, and also the assessment of his property as given by him to the assessor in the year 1901. These instruments did not contain the land in controversy and they were clearly admissible as an "act, declaration or omission against interest." (Code Civ. Proc., sec. 1870, subd. 2; *McCracken* v. *San Francisco,* 16 Cal. 591; *Woolridge* v. *Boardman,* 115 Cal. 78, [46 Pac. 868].) According to appellant's contention, his occupancy of the land had ripened into a perfect title at the time he filed his petition and schedule in insolvency, and his omission to include therein said property is certainly a significant circumstance and constituted relevant testimony. The same suggestion will apply to the assessment. It was his duty to list all that he claimed to be his property. If he failed to do so, the court had a right to consider that matter, giving it whatever weight to which it seemed entitled.

4. Defendant neglected to pay his poll and hospital taxes for the year 1896, and the land in controversy assessed to him was sold for said tax, costs, etc., to the state, August 1, 1897. The certificate of sale and the deed and certificate of redemption were admitted in evidence over plaintiff's objection and exception. This evidence was not admitted for the purpose of showing what taxes were levied and assessed upon said land which plaintiff was required to pay to perfect his title, but it was received as evidence that the title had vested in the state of California, in support of defendants' contention that the operation of the statute of limita-

tions was suspended from the time of the sale till the redemption of the land. Plaintiff contented himself with the general objection that the evidence was immaterial, incompetent and irrelevant and did not tend to prove any issue in the case, and that the title vested in the state was destroyed by the act of redemption. No attack was directed against the regularity of the proceedings, nor was it questioned that the sale was properly made and invested the state with the title. The evidence was within the issue whether the plaintiff's adverse occupancy, assuming it to exist, had continued for the statutory period. It is in line with the authorities holding that "forfeiture to the state within the period necessary to give effect to the statute, has the effect to break the continuity of adverse possession, and prevented the operation of the statute bar." (*Armstrong* v. *Morrill,* 14 Wall. 120; *Reusens* v. *Lawson,* 91 Va. 226, [21 S. E. 352].)

5. The objection to the introduction of the assessment-rolls, from which it appeared that the land in controversy was assessed, is not well taken. It was proper to show the assessment of the land in order that the court might determine whether plaintiff had paid all the taxes as required by the statute to obtain a title by prescription. (*Oneto* v. *Restano,* 78 Cal. 374, [20 Pac. 743] ; *Baldwin* v. *Temple,* 101 Cal. 396, [35 Pac. 1008].)

6. The admission of the tax receipts, if error, was without prejudice, as defendant testified to the payment and plaintiff afterward admitted it, although claiming that he furnished the money.

7. The court did not err in refusing to strike out the testimony of M. A. Bevans as to appellant's reputation for truth, honesty and integrity. He said he knew his reputation and that it was bad. He admitted on cross-examination that he did not know that he had heard anybody say that Mr. Spotswood was a man of bad reputation for truth, honesty and integrity, but "I know it myself. I have heard it discussed, but I cannot tell by whom or the number." It does not appear that his knowledge on the subject was too imperfect to preclude the court from considering his testimony. No objection was made to his competency.

We have examined all the assignments of error and find nothing in any of them to justify a reversal of the judgment. Indeed, considering the equivocal nature of plaintiff's testi-

mony and the fact of his impeachment by proof of contradictory statements and that his general reputation for truth, honesty and integrity was bad, and further keeping in view the testimony in behalf of defendant, it may be assumed that if all the rulings of which complaint is made had been in appellant's favor, a different result would not have been reached. In this view of the case, the errors, if any, should be disregarded.    (*Silvarer* v. *Hansen,* 77 Cal. 587, [20 Pac. 136], *In re Spencer,* 96 Cal. 450, [31 Pac. 453].)

The judgment and order denying the motion for a new trial are affirmed.

Hart, J., and Chipman, P. J., concurred.