[Civ. No. 230. Fourth Appellate District.—June 9, 1930.]

VAL A. TURNER et al., Respondents, v. THEOLINDA MARGARETTA DEACON, Appellant.

Glen H. Munkelt for Appellant.

A. T. Roark for Respondents.

BARNARD, J.— A motion to dismiss this appeal on the ground that the opening brief was not filed in time, was submitted with the submission of this case upon its merits. At the time the notice of this motion was served and filed, the opening brief had been filed in this court. The motion is therefore denied. (Rule V.)

The plaintiffs brought this action against the defendant to quiet their title to an undivided one-half interest in certain real property in San Diego County, the complaint being in the ordinary form. The answer denies that the plaintiffs are the owners of such an undivided one-half interest, and in a separate answer it is alleged that the defendant has a mortgage which is a valid lien on the entire property, and prior to any title or interest of the plaintiffs. The record shows that the property, a one-half interest in which is here involved, was conveyed by grant deed from Jessie B. Rollinson to Daniel A. Deacon and Clara E. Deacon, his wife, by grant deed dated March 31, 1920, and recorded May 3, 1920. There also appears a contract, acknowledged on April 12, 1920, between Daniel A. Deacon and one A. T. Roark, which recites that the parties had agreed to purchase as tenants in common, the real property described in the deed just mentioned; that the title to the whole of said property should be taken in the name of Daniel A. Deacon and held by him until Roark should pay and satisfy a mortgage then existing on said property; and that a grant deed conveying an undivided one-half interest in said property should be executed by the said Daniel A. Deacon, and placed in escrow with a bank, with instructions to deliver the same to Roark when said mortgage was paid and satisfied. It was also agreed that the said Deacon should not in any way encumber said property while the title remained in him as trustee, without the written consent of the other party thereto.

The record also shows that on January 14, 1924, the said Daniel A. Deacon and Clara E. Deacon, his wife, filed an action in the Superior Court of the County of San Diego against the said A. T. Roark and the Southern Trust and Commerce Bank, alleging that the said A. T. Roark had misrepresented the facts in connection with said deal, and in particular had represented that the property was being sold

by the estate of George H. Ziegler, whereas, in fact, it had been previously sold by this estate to one Jessie B. Rollinson, and was then being sold by defendant Roark for Jessie B. Rollinson; and that the price actually paid to the said Jessie B. Rollinson for the property was $2,600 less than was represented to Deacon by Roark. Because of these misrepresentations, the plaintiffs in said action asked that the contract for the conveyance of the one-half interest to the said Roark should be canceled. *Lis pendens* in said action was recorded on January 22, 1924. That action was tried in the Superior Court of San Diego County and that court found that no misrepresentations had been made; that the said Daniel A. Deacon had entered into the contract above referred to whereby it was agreed that he was holding a one-half interest in the property in trust for the defendant A. T. Roark; that the said Jessie B. Rollinson by grant deed had conveyed the premises to the plaintiffs in said action; and that in pursuance of said contract Daniel A. Deacon and Clara E. Deacon, his wife, had executed and delivered their grant deed conveying an undivided one-half interest in and to the real property to the said A. T. Roark, which deed had been placed in escrow by agreement of all the parties with the defendant Southern Trust and Commerce Bank, to be delivered to Roark upon the payment of the mortgage referred to in the contract. Judgment was entered on April 22, 1924, decreeing that the plaintiff take nothing in that action, and that the defendant A. T. Roark is the equitable owner and entitled to the possession as tenant in common with the plaintiffs, or an undivided one-half interest in the premises, subject to the payment of a certain mortgage for $6,500; and that the said A. T. Roark was entitled to the delivery to him of the deed so held in escrow by the Southern Trust and Commerce Bank, when the $6,500 mortgage was paid.

The record further shows that the $6,500 mortgage referred to in the above-mentioned judgment was released of record on November 12, 1926. On August 26, 1926, the said Daniel A. Deacon made and executed a mortgage to the defendant Theolinda Margaretta Deacon to secure a note for $8,000, the mortgage being recorded the same day, and the mortgage covering the entire property conveyed to said Deacon by the deed from Jessie B. Rollinson. The said Daniel A. Deacon

had married the said Theolinda Margaretta Deacon on February 18, 1925. Under date of October 29, 1926, the said A. T. Roark and his wife conveyed said one-half interest in said property to the plaintiff herein by a grant deed which was acknowledged on February 4, 1927, and recorded March 2, 1927.

In the present action the court found that the defendant's said mortgage was not a lien upon the plaintiffs' one-half interest in and to the real property in question, and that the plaintiffs were entitled to have their title to said interest ·in said real property quieted as against the defendant and all persons claiming under her, and a judgment was entered in accordance with said findings. From this judgment the defendant has appealed.

It is the contention of the appellant that her mortgage is a valid lien upon the whole of said real property including the one-half interest therein claimed by respondents. For this reason it is claimed that the judgment of the court is erroneous.

The main contention of appellant is that this action cannot be maintained by respondents because it is the established rule in California that "an action to quiet title cannot be maintained by the owner of an equitable estate against the holder of the legal title under a complaint containing only the usual averments commonly made in such action." (*Chase* v. *Cameron*, 133 Cal. 231 [65 Pac. 460] ; *De Leonis* v. *Hammel*, 1 Cal. App. 390 [82 Pac. 349].) We think, however, the parties here are not within the meaning of that rule. It could hardly be claimed that the appellant was the holder of the legal title. That the holder of a mortgage has only an equitable interest in the property involved needs no citation of authorities. On the other hand, while the interest claimed by the appellant is an equitable interest, we think that at the time this action was filed the respondents held the legal title within the meaning of the rule above set forth. They claimed under a grant deed from A. T. Roark and his wife, which had been recorded. Roark had been adjudged by a court decree which had become final, to be the owner of an undivided one-half interest in the property, subject to the payment of a certain mortgage, and had been adjudged to be entitled to receive a grant deed which had been duly executed and placed in escrow, when he should

pay off said mortgage. The mortgage in question had thereafter, and prior to the recording of the deed from Roark to the respondents, been paid off and released of record. The record shows that a deed from Daniel A. Deacon and Clara E. Deacon, his wife, conveying a one-half interest in the property to A. T. Roark, dated May 3, 1920, and recorded March 2, 1927, was received in evidence in this case, and later, upon stipulation of the parties, was stricken out. Why this should have been stipulated to does not appear. Leaving the recording of that deed out of consideration, as we must, under the circumstances disclosed by the record a sufficient showing of legal title appears to take this case out of the bar of the rule relied upon by appellant.

Even if this be not true, it seems to be the settled law in California that where both parties assert mere equities in real property, an action under section 738 of the Code of Civil Procedure to determine adverse claims or as it is usually termed to "quiet title," may be maintained to ascertain which party has the superior equity. (*Buchner* v. *Malloy,* 155 Cal. 255 [100 Pac. 687] ; *Tuffree* v. *Polhemus,* 108 Cal. 678 [41 Pac. 806].) Under this view of the case, at the time appellant acquired her mortgage a decree had become final in the other action referred to, which adjudged that Roark was the owner of an undivided one-half interest in the property, and entitled to receive a deed then in escrow, upon the payment of a specified mortgage. Appellant therefore acquired her interest in the property with full notice of the other equities existing, and such other equities must, in any event, be held superior to the lien of her mortgage.

The only other point raised by appellant is that respondents acquired their title from A. T. Roark, and that appellant is entitled to set up against the said Roark further evidence of fraud and misrepresentation, which it is claimed she has ascertained subsequent to the entry of the judgment in the preceding action between Daniel A. Deacon and A. T. Roark, above referred to. This claim is without merit. Appellant took her mortgage with notice of all of the proceedings in that action and the judgment therein, and in so far as her interest under the mortgage is concerned, she is bound thereby. That judgment has become final against

appellant's husband, and it may not be thus indirectly set aside, under the circumstances shown by this record.

The judgment is affirmed.

Marks, Acting P. J., and Ames, J., *pro tem.*, concurred.