(No. 5196. Decided May 15, 1905.)

ROBERT MUIR, *Respondent,* v. CITIZENS NATIONAL BANK
OF FAIRHAVEN, *Appellant.*[1]

BANKS AND BANKING—NATIONAL BANK IN PROCESS OF LIQUIDA-
TION—SUBSEQUENT TRANSFER OF STOCK—ENTRY ON BOOKS. A national
bank, in process of voluntary liquidation, cannot be compelled to
enter subsequent transfers of stock on its books and issue new
certificates thereof; since, under U. S. Rev. Stats., § 5220, its busi-
ness is closed for all purposes except winding up its affairs, and a
transferee of its stock is merely an equitable owner of an interest
in the assets.

Appeal from a judgment of the superior court for What-
com county, Neterer, J., entered January 25, 1904, upon
sustaining a demurrer to an answer, granting a mandatory
injunction as prayed for in the complaint. Reversed.

*Kerr, McCord & Craven* and *Fairchild & Bruce,* for ap-
pellant.

*Marshall P. Stafford,* for respondent.

MOUNT, C. J.—This action was brought for the purpose of
obtaining an order against the defendant, requiring it to
transfer to plaintiff six shares of its stock on the books of
the corporation, and to issue to plaintiff, in his own name,
a certificate therefor, in lieu of a certificate purchased from
a former stockholder of record. The defendant appeared in
the action, and filed a motion to strike certain words and
make a more specific statement of some of the allegations
of the complaint. These motions were denied, and thereupon
a demurrer to the complaint was filed, which was also denied.
Defendant thereupon filed an answer, denying certain alle-
gations in the complaint, and alleging as an affirmative de-
fense, in substance, that the defendant, since January 10,
1900, has been a national banking corporation, existing under
the laws of the United States; that, prior to the commence-

[1] Reported in 80 Pac. 1007.

ment of this action, defendant, being solvent, went into voluntary liquidation, under the provisions of U. S. Rev. Stats., §§ 5220, 5221. The plaintiff demurred to this answer, and the demurrer was sustained. The defendant declined to plead further, and a judgment was entered as prayed for in the complaint. The defendant appeals.

The motions to strike and make more definite are of no particular moment in the case, and we shall not notice them further, but will pass to the main question, which is: May a national bank, in process of voluntary liquidation, be compelled to make transfers of stock on its books, and issue certificates thereof to new subscribers? For a better understanding of the question, we may state that the pleadings show that the appellant was organized as a national bank on January 10, 1900. On the 7th day of August, 1901, at a meeting of the stockholders, at which meeting the whole stock of the bank was represented, it was resolved, by a vote of all the stock, that the corporation be placed in voluntary liquidation, to take effect August 26, 1901, under the provisions of U. S. Rev. Stats., § 5220 et seq. The proceedings were thereupon certified and reported to the comptroller of the currency of the United States. Thereafter, on the 11th day of August, 1903, respondent purchased from one of the stockholders six shares of the capital stock of said corporation, and received a certificate therefor, duly indorsed. Said certificate was thereupon presented to the cashier of said bank for transfer upon the books of the corporation. Such transfer was refused. It is admitted, also, that the corporation is solvent, and that the six shares are worth at least $300.

It has frequently been held that a national bank in voluntary liquidation is not thereby dissolved as a corporation, but may sue and be sued, by name, for the purpose of winding up its business. *National Bank v. Insurance Co.,* 104 U. S. 54, 26 L. Ed. 693; *Rosenblatt v. Johnston,* 104 U. S. 462, 26 L. Ed. 832; *Bank of Bethel v. Pahquioque Bank,* 14 Wall. 383, 20 L. Ed. 840; *Chemical Nat. Bank v. Hart-*

*ford·Deposit Co.,* 161 U. S. 1, 16 Sup. Ct. 439, 40 L. Ed. 595. The decisions go no further than to hold that the corporation continues for the purpose of *liquidation and winding up its business.* No decision has been called to our attention, and after careful search we have found none, which holds that the stock of a corporation in liquidation, either voluntary or involuntary, may be the subject of traffic and transfer from one to another, upon the books of a corporation, after it ceases to do business in the usual way.

On the other hand the United States statute, Rev. Stats. § 5220, referring to national banks, provides: "Any association may go into liquidation and be closed by a vote of its stockholders owning two-thirds of its stock." The words "and be closed," seem to indicate a conclusion of its business as a going concern. Thereafter it may transact only such business as is necessary or proper in the settlement and winding up of its affairs. The corporation, of course, continues under the decisions above cited for such purpose, but for such purpose only. The closing of the business of the corporation for the purposes for which it was organized, while not a dissolution of the corporation, is in substance a dissolution of its powers to transact new business. The only power left to it is the power to collect its dues and pay its debts, and to distribute, ratably among its stockholders, the balance after the debts are paid. The rights and liabilities of the stockholders of the bank are fixed at the date when the bank goes into liquidation, and a stockholder may not thereafter transfer his stock and avoid liability thereon. *Bowden v. Johnson,* 107 U. S. 251, 2 Sup. Ct. 246, 27 L. Ed. 386; *Schrader v. Bank,* 133 U. S. 67, 10 Sup. Ct. 238, 33 L. Ed. 564; *Irons v. Manufacturers' Nat. Bank,* 17 Fed. 308; *Crease v. Babcock,* 23 Pick. 334, 34 Am. Dec. 61.

If the power of the bank, after voluntary liquidation begins, is limited to final settlement and winding up of its affairs, it seems to follow that no new stock may be issued pending such settlement. The act of issuing new stock, or

new and original certificates of stock, would, upon its face, seem to contradict the fact that the corporation was in process of liquidation or of dissolution, and would indicate that the corporation was an active going concern. The policy of the statute is certainly opposed to the issuance of new certificates of stock pending the dissolution of the corporation, or of any act which would belie the true condition of the corporation, and which is not necessary or proper in the final settlement and winding up of the affairs of the corporation. A stockholder may, no doubt, transfer and sell his stock in a banking corporation in process of liquidation, and the purchaser may acquire all the rights of such stockholder in and to the assets of the corporation. It is said: ". . . an assignment or transfer of stock by a stockholder after the dissolution of the corporation is merely an equitable assignment of his interest in the assets of the concern as it may appear upon the settlement." Cook, Corporations (5th ed.), § 641; *James v. Woodruff,* 10 Paige 541; *Richards v. Attleborough Nat. Bank,* 148 Mass. 187, 19 N. E. 353, 1 L. R. A. 781. The last case cited above is in point upon the facts in this case, and holds in accord with the claim of appellant. It was there said:

"The reasons for making the stock, as such, transferable, and allowing the purchaser by virtue of his purchase to become a member of the corporation, cease to exist when there is no profit to be made, no business to be done, and when the property of the bank and its liabilities are fixed, and nothing remains but the adjustment of these. Whether the liquidation of the affairs of the bank be voluntary or involuntary, or whether it proceeds under the authority given to continue the bank in existence in order to close its affairs, it is necessarily implied that the respective rights, not only of the creditors and debtors of the bank, but of the stockholders, are to be determined as of the time when it commences. Indeed, were the stock, as such, to continue transferable, serious embarrassments would arise. Where stock is sold in the ordinary course of business, and so transferred,

it is not important to the purchaser whether the bank has or has not claims against the stockholder so transferring stock. But when the bank is in liquidation, and when all to which the stockholder is entitled is his proportion of the assets, the claims which the bank may hold against him are a proper offset to those which he may hold against it by virtue of his ownership of stock. He cannot, therefore, place another in the position of a stockholder, even if he may invest him with such rights which he himself equitably may, have. . . . When a bank is in liquidation, the liability of the stockholder for the debts of the corporation has been fixed. If there is a debt due from the bank, he cannot transfer to any one else his liability to pay that debt, so as to affect the creditor or subject him, in seeking such remedies as he may have against the stockholders, to any examination beyond the list of those who were so when the liquidation commenced. No further debts can be contracted thereafter, nor any transaction made except such as may result by implication from the duty of closing up its affairs. While the embarrassments that would arise from holding the stock of a bank transferable after it has once gone into liquidation are manifest, no reason incidental thereto exists why such stock should continue transferable."

While the respondent in this case is the equitable owner of the fund which will result to the stock after the final settlement of the affairs of the bank, and while he has such rights as an equitable owner may have in the management of the trust, yet we think he has no right to be registered as a stockholder in the corporation and have a new certificate of stock issued to him. The notice which was given to the cashier or liquidating agent, by presenting the six shares properly indorsed, is, no doubt, sufficient to put the corporation on notice that respondent is entitled to his distributive share of the trust funds to be disbursed to the stockholders when final settlement is made, and would, if the bank were a going concern, entitle him to be registered as a stockholder and receive a certificate to that effect. But when the bank pleads that it is in process of liquidation under the law, this is a defense to a demand for a certifi-

cate of stock. It was therefore error to sustain the demurrer to the affirmative answer.

The order appealed from is reversed, and the cause remanded for further proceedings in accordance with this opinion.

DUNBAR, FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.