[S. F. No. 6744.  In Bank.—July 1, 1916.]

# AALWYN'S LAW INSTITUTE (a Corporation), Appellant, v. PETER D. MARTIN et al., Respondents.

QUIETING TITLE — DESCRIPTION OF PROPERTY—INSUFFICIENCY—GENERAL DEMURRER.—In an action to quiet title, a description in the complaint of the property in question as being "that real property situated in the city and county of San Francisco and in the counties of San Mateo and Santa Cruz and more particularly described as follows, to-wit: Rights of way, terminal lands, and all the property known as the 'Ocean Shore Railway Property,' more particularly described in the public records of said City and County of San Francisco in Liber 62 of Mortgages, Page 29 *et seq.*, and to which reference is hereby made for said description," is insufficient, and vulnerable to attack by general demurrer. (Per Melvin, J., Lorigan, J., and Henshaw, J., concurred.)

ID.—SUFFICIENCY OF DESCRIPTION.—A complaint in an action to quiet title must contain a pertinent description of the land in controversy.

ID.—CORPORATION—FAILURE TO PAY LICENSE TAX—FORFEITURE—TITLE TO PROPERTY VESTS IN TRUSTEES.—When a corporation has failed to pay its license tax and a forfeiture of its charter has been declared, it ceases to be a corporation, and the title to the property formerly owned by it vests in the former directors as trustees. Thereafter an action will not lie to quiet title to property on the theory that it is owned by the corporation.

ID.—STOCK ACQUIRED AFTER DISSOLUTION — EQUITABLE INTEREST IN ASSETS—STOCKHOLDER CANNOT MAINTAIN ACTION TO QUIET TITLE AGAINST OWNER OF LEGAL TITLE.—A purchaser of stock of a corporation after its dissolution becomes the owner, at most, of an equitable interest in the assets of the defunct corporation, and cannot maintain an action to quiet title thereto against the owner of the legal title. The refusal of such remedy to the owner of a merely equitable interest does not deprive him of property without due process of law. (Per Melvin, J., Lorigan, J., Henshaw, J., and Shaw, J., concurred.)

ID.—STOCKHOLDER NOT OF RECORD—CANNOT MAINTAIN ACTION TO AVOID TRANSFER BY TRUSTEES.—A purchaser of stock of a corporation after its dissolution could not become a stockholder of record, and cannot maintain an action to avoid an unauthorized or fraudulent transfer of corporate assets by the trustees of the defunct corporation. Only a stockholder of record may maintain such action. (Per Sloss, J., Shaw, J., Lawlor, J., and Angellotti, C. J., concurred.)

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Arthur Crane, for Appellant.

Morrison, Dunne & Brobeck, Peter F. Dunne, W. H. Smith, Corbet & Selby, Cooper, Gray & Cooper, Charles A. Gray, Stratton, Kaufman & Torchiana, W. W. Kaufman, Alfred Sutro, Pillsbury, Madison & Sutro, McCutchen, Olney & Willard, and A. Crawford Greene, for Respondents.

MELVIN, J.—Plaintiff appeals from a judgment entered after an order sustaining demurrers of all of the defendants to the fourth amended complaint.

The suit is one to quiet title. It is alleged in the complaint that Ocean Shore Railway Company was a corporation; that its charter was declared forfeited for nonpayment of license tax on November 30, 1910; that on the date of the forfeiture the defendants, Martin, Moore, Harvey, Folger and Pillsbury constituted the board of directors of the corporation and by the forfeiture became "trustees of said corporation"; and that plaintiff is the owner and holder of twelve shares of the "capital stock of said corporation."

It is next alleged that said Ocean Shore Railway Company "is and for a long time hitherto has been" the owner in fee simple and entitled to the possession of all that real property situated in the city and county of San Francisco and in the counties of San Mateo and Santa Cruz and (to quote directly from the pleading) "more particularly described as follows, to wit:

"Rights of way, terminal lands, and all the property known as the 'Ocean Shore Railway Property,' more particularly described in the public records of said City and County of San Francisco in Liber 62 of Mortgages, page 29 et seq., and to which reference is hereby made for said description."

This is followed by the averment that the defendants assert individual interests in said property adverse to the Ocean Shore Railway Company, but that their claims are without right, and that the five persons named as trustees have no title nor interest in the property except as such trustees.

It is averred on information and belief that defendants individually claim adverse interests in the property "pursuant to a scheme and plan among themselves to go through the form of buying and selling" it, stating and publishing that they were empowered to do so by the company's stockholders, bondholders, and creditors; that said assumption is false; that in pursuance of said scheme they did, on December 4, 1911, connive and acquiesce in the execution of a deed of said property given without consideration by defendant Moore, which purported to convey the said property from said Moore to the Ocean Shore Rail*road* Company; and that said deed was executed and recorded only for the purpose of giving color to the adverse claims of defendants, which were without any right whatever.  Plaintiff further alleges that on February 15, 1911, it became and ever since has been "a stockholder as aforesaid in said Ocean Shore Railway Company"; that immediately prior to the commencement of this action the trustees of the Ocean Shore Railway Company were asked to bring suit in their representative capacity to quiet the title of said corporation to said property and to set aside the fraudulent deed of December 4, 1911; but that they refused to do so and plaintiff and the other stockholders are without remedy save in a court of equity.

There is a general averment that plaintiff for lack of information cannot be more specific and certain as to dates, names, places, amounts or other matters, but that all such things are within the actual knowledge of defendants.

The prayer is that defendants may be required to set forth the nature of their several claims and that the court decree said claims to be without merit, and that it be adjudged that the Ocean Shore Railway Company is the owner of the property and that the other defendants and each of them be debarred from asserting any claim to the premises.  Although there is a general averment that plaintiff owns certain shares of the capital stock of the Ocean Shore Railway Company there is a special allegation that plaintiff became a stockholder in said company on February 15, 1911, a time subsequent to the forfeiture of the charter of said corporation. It follows that whatever interest plaintiff may have, if any, is equitable and not such as is derived from the sale of the stock of a going corporation.  But before discussing plaintiff's standing as an alleged "stockholder" we will notice

the description of the property to which it seeks to have the title of the Ocean Shore Railway Company quieted.

It is the contention of respondents that there is in reality no description of the land. The attempted description is of "rights of way, terminal lands and all the property known as 'Ocean Shore Railway Property' more particularly described," etc., giving the volume and number of a page of the public records. Appellant asserts that this is a good description, but if it be insufficient it is vulnerable only for uncertainty and will not fall before a general demurrer. Both of these contentions are incorrect. There is no description of the rights of way and terminal lands at all, while the other property is vaguely designated as that "known as the 'Ocean Shore Railway property.'" It is a general rule of pleading that a complaint in an action to quiet title must contain a pertinent description of the land in controversy. The court passing upon the demurrer from the face of the pleading itself could not possibly determine the location of the property unless recourse were had to the book of records indicated, and this could not be required of the court. To be sure "Ocean Shore Railway Property" is given as a common designation of a part of the realty to which plaintiff seeks to quiet the title, but this does not bring the pleading within the rule of those cases where a well-known tract of land is described by name and by the enumeration of some other identifying characteristics, and the whole description aided by reference to the public records. There must be something in the pleading itself by way of actual description. (32 Cyc. 1355.) Appellant cites a number of cases in which descriptions of land have been held sufficient when supported and explained by reference to public records or maps. Courts have shown great liberality in permitting pleaders to set forth very general descriptions which may be made more certain by reference to indicated records, but we know of no authority in which a pleading has been tolerated which attempted no description possible of any sort of identification without reference to a record. For example, in *Miller* v. *Luco,* 80 Cal. 257, 261, [22 Pac. 195], the description in the deed indicated the acreage, the county, the common name of the tract and the names of some of the previous grantors and grantees, and finally referred for greater certainty to a deed of record in a specified county. In *Redd* v. *Murry,* 95 Cal.

48, [24 Pac. 841, 30 Pac. 132], the property involved was described by metes and bounds and as being within a certain city. A map was also mentioned in the description and the court properly held such map admissible in evidence. In *Carter* v. *Bacigalupi,* 83 Cal. 187, 190, [23 Pac. 361], the description attacked by appellant was based upon a known natural monument coupled with measurements and direction of lines. The description discussed in the opinion in *Joyce* v. *Tomasini,* 168 Cal. 234, 238, [142 Pac. 67], gave the number of acres and the names of the owners of the encompassing tracts of land.

It is impossible to tell from the face of the pleading whether or not the public record to which reference is made includes within the property described in a mortgage all of that mentioned in the pleading as "rights of way," "terminal lands," and the "Ocean Shore Railway Property," or only that last named. This is not mere ambiguity to be attacked only by special demurrer. It is a failure of description, and is vulnerable to a general demurrer. The pleading is to be construed most strongly against the pleader, and this complaint is entirely susceptible of an interpretation which would describe the "rights of way" and "terminal lands" as somewhere in one of the two counties, or in the city and county mentioned, and the "Ocean Shore Railway Property" vaguely located somewhere within the same vast territory, but described particularly in a public record. Such pleading is too vague to be dignified as mere incomplete description.

When a corporation has failed to pay its license tax, and a forfeiture of its charter has been declared, it ceases to be a corporation. (*Newhall* v. *Western Zinc Mining Co.,* 164 Cal. 380, [128 Pac. 1040].) The title to the property formerly owned by the corporation vests in the former directors as trustees. The complaint in the case at bar does not seek to have the title of the trustees quieted, but on the contrary asks that the title of the Ocean Shore Railway Company be quieted, and the whole action is based upon the alleged ownership of the property by the said company. But the company is dead and may not own property. Even if we concede the plaintiff's capacity to sue, it is seeking relief upon a false theory and a general demurrer to its complaint will lie. If plaintiff were entitled to any relief at all it would be to have the title of the trustees quieted, but for this it has not

prayed, and its complaint is based upon the false theory that the defunct corporation may hold property.

Although plaintiff avers generally that it is a stockholder it appears by its special allegation that its interest was acquired after the dissolution of the corporation. Therefore, as we have seen, at most it is the owner of an equitable interest in the assets of the defunct corporation. It appears that a deed to the Ocean Shore Railroad Company has been executed by Mr. Moore, one of the trustees. Plaintiff could do no more than seek to have the last-named corporation declared a trustee for the true owners, or to have the deed set aside in the interest of the trustees who by operation of law were made custodians and holders of the property of the dead corporation. An action to quiet title is not the proper remedy for the owner of an equitable interest to invoke against the owner of the legal title. (*Chase* v. *Cameron,* 133 Cal. 231, [65 Pac. 460].) Appellant insists that the cited authority announces a rule which is unconstitutional because its application would take away his property from the owner of an equitable interest without due process of law. We cannot see that this follows. The reason for the rule announced in *Chase* v. *Cameron,* is that if the owner of equities could sue to quiet title he might obtain a judgment based upon his adversary's fraud without setting up, in his pleadings, the facts constituting such fraud. This would be manifestly unfair. (*Burris* v. *Adams,* 96 Cal. 664, 667, [31 Pac. 565]; *McDonald* v. *McCoy,* 121 Cal. 55, 71, [53 Pac. 421].) He may effectively protect his equities in other ways. The law's refusal to permit him to sue for the quieting of a legal title not his own does not deprive him of property without due process of law.

The judgment is affirmed.

Lorigan, J., and Henshaw, J., concurred.

SHAW, J., Concurring.—I concur in the judgment on the grounds discussed in the last two paragraphs of the opinion of Justice Melvin. I also concur in the views of Justice Sloss.

SLOSS, J., Concurring.—I concur in the judgment. The complaint, read as a whole, shows that the only defendant asserting an interest in the property is the Ocean Shore Rail-

road Company. No cause of action is therefore alleged against any other defendant.

As against the Ocean Shore Railroad Company, the complaint alleges that it claims title under an unauthorized or fraudulent transfer from the trustees of the Ocean Shore Railway Company. The plaintiff, as a stockholder of the latter corporation, seeks to avoid this transfer. But the complaint shows, affirmatively, that the Ocean Shore Railway Company had been dissolved before plaintiff's connection with it began. It is not alleged that plaintiff was a stockholder of record, and in view of the *status* of the corporation when plaintiff acquired its interest, it could not have become such. (2 Cook on Corporations, 6th ed., sec. 641; *Muir* v. *Citizens' Nat. Bk.*, 39 Wash. 57, [80 Pac. 1007].) Only a stockholder of record can maintain an action like the one here sought to be stated. (*Brown* v. *Duluth M. & N. R. Co.*, 53 Fed. 889; *Hodge* v. *United States Steel Corp.*, 64 N. J. Eq. 90, [53 Atl. 601].) The demurrer of the Ocean Shore Railroad Company, also, was therefore properly sustained.

Lawlor, J., and Angellotti, C. J., concurred.