[Civ. No. 6922.   Third Dist.   Aug. 28, 1943.]

ALPHA STORES, LTD. (a Corporation), Appellant, v. F. ROSS CROFT, Respondent.

H. Ward Sheldon for Appellant.

James Snell for Respondent.

THOMPSON, J.—The plaintiffs and cross-defendants have appealed from that portion of the decree which was entered in this case quieting title in the defendant and cross-complainant Frank Ross Croft to a certain mining claim alleged to have been acquired by him April 15, 1934, by oral gift from the predecessor in title of the litigants in this suit.

This action to quiet title to certain gold-bearing placer properties was brought by Alpha Stores, Ltd., a private corporation, and Nevada Irrigation District, as co-owners, against F. Ross Croft and other defendants as lessees of Croft. Subsequent to the entry of judgment, the issues affecting the lessee defendants, concerning certain machinery and equipment, were settled and are now eliminated from consideration. Also, since the entry of judgment, plaintiff Alpha Stores, Ltd. succeeded to all of the interest and title of its co-plaintiff, Nevada Irrigation District. The only remaining question concerns the title to a portion of the land described in the com-

plaint, as between the appellant, Alpha Stores, Ltd., and the respondent, F. Ross Croft.

The land is located in the You Bet Mining District, Nevada County, California. The evidence discloses that title to all of the land claimed by plaintiffs was acquired by early mining locators by patents issued to them from the United States Government, and all of these mining claims had vested through mesne conveyances in the You Bet Mining Company, a corporation. In 1935, through purchase at sheriff's sale upon execution issued on a judgment against the You Bet Mining Company, the plaintiffs and appellants acquired title.

Respondent's answer does not deny the validity of the sheriff's sale proceedings but, by way of affirmative defense and cross-complaint, it asserts that on or about the 15th day of April, 1934, prior to the initiation of appellant's claim against the You Bet Mining Company, he received title by parol gift from the owners "Ogden C. Chase and . . . You Bet Mining Company," to a portion of the land then owned by them. Respondent's answer and cross-complaint particularly describe the parcel of land subject to the oral gift as follows:

"Lot sixty (60), Brown Brothers Placer Mine, and Lot sixty-three (63) Washington Heydliff Placer Mine, all in Section 31, Township 16, North Range 10 East, M.D.B. & M.; that said Lots are sometimes designated in part as the Shorty Jeffurs Placer Mining Claim."

The answer of respondent further asserts that since the 15th day of April, 1934, he has been in open, notorious, exclusive, and adverse possession of the property described, and that in reliance upon said parol gift, he made valuable and expensive improvements to the dwelling house and to the land, of which the appellants were well aware, having had knowledge that said improvements were being made by respondent under a claim of title to said property.

The trial court rendered judgment in favor of respondent to the extent of quieting title in him to the land alleged to have been received as a gift. The findings of the court determine that Ogden C. Chase and the You Bet Mining Company made a valid gift of the particular property to F. Ross Croft on or about the 15th day of April, 1934, and that he immediately took possession of the land. The court also made a finding that "plaintiffs and cross-defendants" by

their conduct encouraged respondent to make expenditures on account of and improvements to the property. This finding in effect is that plaintiffs and cross-defendants are estopped from asserting title to this particular mining property. The defense of estoppel was pleaded by the lessees of the defendant Croft. Consequently, even though the findings appear to invoke the doctrine of estoppel in support of the judgment determining the ownership of the real property as between the parties to this appeal, we assume that defense was considered only on behalf of the lessee defendants who are no longer parties to this action. We shall therefore disregard that issue. If it be contended that the findings are to be construed as supporting the doctrine of estoppel with respect to the title to real property as between respondent and appellant, we are of the opinion that finding is unsupported by the evidence. The law in California is very strict in applying the doctrine of estoppel to defeat title to real property, and in applying that doctrine to defeat the title to real property it is necessary for the innocent party to show culpability, consisting of actual fraudulent intent or culpable negligence amounting to constructive fraud. The leading case in California on that subject is *Biddle Boggs* v. *Merced Mining Co.*, 14 Cal. 279. It holds that where an individual made representations concerning the state of his title, no estoppel can be set up against him unless: (a) he was apprised of the true state of his own title; (b) he made the admission with the express intention to deceive, or with such culpable negligence as to amount to constructive fraud; (c) the other party had neither knowledge nor means of obtaining knowledge of the true state of the title; (d) the other party relied directly on such admission and would be injured by allowing its truth to be disproved. The rule of the Biddle Boggs case, *supra,* has been consistently reaffirmed in later California decisions. As indicated, the evidence introduced at the trial in the present suit fails completely to support any theory rendering applicable the doctrine of estoppel with respect to the title to the mining property involved herein.

Respondent did not claim title to the lots on the theory of adverse possession thereof for the statutory period of time, and the court did not purport to adopt findings in support of the judgment on that ground. The only issue, therefore, which is before us at this time concerns the question of the sufficiency

of the evidence to support the finding that a parol gift of the real property was made to F. Ross Croft.

Appellant contends that the evidence is insufficient to support a conclusion that a valid gift of the real property was consummated, as (1) the language used by the donor does not disclose an intention to transfer the property; (2) the property was never clearly identified (judgment gives respondent land not claimed by the pleadings or by the evidence); (3) the donee did not accept the land as a gift, but instead paid a royalty or rent to his donor; (4) donee did not enter into possession in reliance on a gift, and the mining company continued to work the ground after the alleged gift; (5) no explanation was given why the alleged gift was not consummated by the execution of a conveyance; and (6) the donor, as president of the corporation, had no title to give to respondent.

At the time of the alleged gift Mr. Chase was the president and general manager of the You Bet Mining Company, and during the trial it was indicated by statements made that he owned a total of 223,000 shares of stock of the corporation out of a total of 224,000 issued shares. No evidence of the corporate organization was introduced during the trial. Ogden C. Chase did not testify at the trial. Respondent argues that Ogden C. Chase's authority to make the alleged gift is disclosed by the evidence which indicates that Chase was the alter ego of the You Bet Mining Company; that he operated all of the properties as his own, and that authorization by the board of directors for the gift of the property was therefore not necessary. Respondent also contends that the appellants' title being that of purchasers at an execution sale, they may not question the legality of that gift of property or the transaction by means of which the respondent became vested with the title.

We are of the opinion the findings and judgment quieting title in the defendant and cross-complainant, F. Ross Croft, to the parcel of land described therein by metes and bounds as "a portion of the said Lots numbered 60, 63, 10, 64, 71 and 58," of Section 31, T. 16, N. R. 10 East, M.D.B. & M., are not supported by the evidence, for the reasons that there is a fatal variance between the pleadings and the judgment in respect to the description of the land alleged to have been

acquired by oral gift, that the subject of the alleged gift was not sufficiently identified, and that there is an absence of satisfactory proof of the asserted gift or conveyance of the land. The respondent, Croft, in support of the judgment, relies on proof of an implied conveyance of real property as the result of an alleged oral gift, in conflict with the provisions of the statute of frauds. Section 1091 of the Civil Code provides that the transfer of any interest in real property must be in writing subscribed by the party to be charged. It is true that under extreme circumstances equity may support an oral promise to convey real property, contrary to the provisions of the statute of frauds. This exception to the ordinary rule is based on the doctrine of estoppel and is invoked in order to prevent an injustice to the donee. An oral gift of real property has, however, been sustained only upon clear and satisfactory proof of the identity of the property and of an intention on the part of the donor to presently convey title to the real property.

In the present case there is a lack of proof of the identity of property in question, and there is a fatal variance between the allegations of the pleadings and the determination of the findings and judgment with respect to the subject of the alleged gift. The respondent's answer and cross-complaint specifically describe the property which is the subject of the alleged gift, as Lots 60 and 63 of section 31, township 16, N. R. 10 East, M. D. B. & M., "sometimes designated in part as the Shorty Jeffurs Placer Mining Claim." The findings and judgment quiet title in the respondent to a tract of land in the same township, section and range, describing it by metes and bounds, and identifying it as "a portion of the said lots numbered 60, 63, 10, 64, 71 and 58." The pleadings were not amended to conform to the proof. We are directed to no evidence supporting an alleged gift of the portions of the six lots which are specifically described by metes and bounds in the findings and judgment. We find no reference in the evidence to the designation of the location referred to in the pleadings as "Shorty Jeffurs Placer Mining Claims." On the contrary, the respondent testified that Mr. Chase said to him, "You can have Brown's Hill, go ahead and do what you want with it." The mere reference to the property as "Brown's Hill" is too indefinite and uncertain to meet the requirements of the law with respect to the identity of land claimed to be

the subject of an oral gift. The respondent identified Brown's Hill as follows: ''It is a general term that they use out there, that took in the hill. . . . No boundaries, no. . . . Brown's Hill is conceded to be everything between the divide and Bird's Eye Canyon.'' That description is certainly too indefinite to support an alleged oral gift of specific real property.

We are also of the opinion the finding and judgment upon which the respondent's title to the lots in question is based, to the effect that said mining claims were orally given to Croft by Ogden C. Chase and You Bet Mining Company, on April 15, 1934, are not supported by the evidence. On the date of said alleged oral gift the last mentioned mining company was the owner of the lots in question. Ogden C. Chase was the president, managing agent and chief stockholder of that corporation. The respondent Croft is his cousin. In the fall of 1933, Mr. Croft was employed by Mr. Chase and worked on the You Bet Mining Claims prospecting until the following spring. He occupied and improved a cabin belonging to the company which was situated on the lots in question. April 15, 1934, he had a conversation with Mr. Chase, in which he contends the lots in question were orally given to him. The only testimony of that conversation between Chase and Croft regarding the alleged parol gift of the lots, was given by the respondent himself. Chase was not called as a witness. A fair and reasonable construction of that testimony, together with the acts and conduct of the respective parties, convinces us there was no intention on the part of plaintiffs' predecessor in title to give those lots to the respondent. Respondent's own testimony and his conduct indicate that the respective parties understood that Croft was to occupy and prospect the Brown's Hill mining claims as a lessee in consideration of the payment to the owner, You Bet Mining Company, of twenty-five per cent of gold or other precious metals recovered by him. The conduct of the respondent appears to verify that fact. Moreover, there is absolutely no evidence that a promise was made by Chase or anyone else to execute a conveyance of those lots to the respondent. Nor is there any evidence that the You Bet Mining Company authorized Chase to make any oral gift of the lots. No conveyance was subsequently executed or demanded by the respondent. The evidence of this case does not warrant the conclusion that the alleged gift is valid and binding on the theory that Chase was

the alter ego of the company. In June, 1934, after the respondent had taken possession of the mining claims, Mr. Chase posted on said lots a formal notice of location of mineral claim, bounding the property exactly as it was described in respondent's answer and cross-complaint. September 7, 1935, and again on November 5, 1935, while the respondent was working said claims, the You Bet Mining Company, by Ogden C. Chase, as president, executed mortgages to one James F. Peck, covering all of said property. Also on September 7, 1935, the You Bet Mining Company executed a mortgage covering the property in question, in favor of Mr. Chase. Subsequently Chase commenced an action to foreclose that last mentioned mortgage. These and other circumstances appear to refute the theory that the mining claims were orally given to the respondent.

On cross-examination, the respondent testified regarding the alleged oral gift of lots by Mr. Chase, as follows:

"Q. You came back then in the first part of the year 1934? A. Yes. Q. And went back to work for Mr. Chase? A. That is correct. Q. You continued to work for him until approximately the middle of April? A. Yes. Q. Then you worked and paid him a royalty? A. I paid him twenty-five per cent of what we recovered, yes. That is, I paid that to Magee. Chase told me he never got it. Q. You had an understanding with Chase that he would let you work the property for your own account and you would pay the royalty? A. He never asked for that. I suggested that and he said, 'We will try it and see how you make out.' I told Magee to hold out the twenty-five per cent. . . . Q. How long did he hold it out? A. Probably from spring until fall. I know that when Chase told me not to pay Magee any further royalties, I didn't pay him any more. Q. You are claiming lot sixty and lot sixty-three were given to you by Mr. Chase? A. Yes. Q. What did he say at the time he gave you those lots? A. He said, 'You can have Brown's Hill, go ahead and do what you want with it.' Q. Is that the expression he used, 'Brown's Hill'? A. Yes. . . . I understood that Brown's Hill took in that,—it is a general term that they use out there, that took in that hill. . . . Q. You felt you were the owner of that property ever since Mr. Chase gave it to you in 1934? A. Yes. . . . He gave it to me in the spring. Q. But you paid him a twenty-five per cent royalty after that? A. Yes, as payment for the property. Q. Did he

ever give you any written agreement or sign any deed or other conveyance? A. No."

Again the respondent testified regarding the alleged oral gift of lots, in response to the inquiry of the trial judge, as follows:

"Q. How did he [Chase] tell you the same thing the second time? A. Due to the fact that he hadn't received,—I kind of crabbed about paying the twenty-five per cent. I said if I didn't have to pay for this ground I could make some money. He hadn't received the payments that were held out of our clean ups. He said, 'What the hell are you paying Magee for, I haven't received any money. Go ahead and work it.' "

We are unable to construe the foregoing testimony of the respondent so as to uphold the finding and judgment to the effect that an oral gift of the lots in question was made to Mr. Croft. The evidence clearly indicates that both parties understood the transaction to be a mere oral lease or license to prospect the property for the consideration of the payment of royalties to the owners thereof in an amount equivalent to twenty-five per cent of the gold or mineral recovered. The record is uncontradicted that the mining claims belonged to the You Bet Mining Company. Chase had no authority to give them away. The subsequent conduct of the parties refutes the theory of an oral gift of the lots. The evidence does not support that finding.

The California cases which have upheld judgments sustaining oral gifts of real property are not numerous. An examination of those cases discloses that very clear and satisfactory evidence of the elements required in support of a valid transfer of real property by parol gift must be proven in order to relieve the transfer from the statute of frauds. (*Burlingame* v. *Rowland*, 77 Cal. 315 [19 P. 526, 1 L.R.A. 829]; *Bakersfield Town Hall Association* v. *Chester*, 55 Cal. 98; *Kinsell* v. *Thomas*, 18 Cal.App. 683 [124 P. 220]; *Peixouto* v. *Peixouto*, 40 Cal.App. 782 [181 P. 830]; *Kennedy* v. *Scally*, 62 Cal.App. 367 [217 P. 96].) It must appear to have been the intention of the donor to presently part with his title to the land. It must also appear that the donee, in reliance upon such gift, makes valuable improvements and so changes his situation and conditions that it would be inequitable to fail to enforce the conveyance. The facts of this case fall far short of such requirements.

We find nothing in the authorities cited by the respondent in conflict with what we have previously said regarding the principle applicable to suits involving alleged oral gifts of real property.

In view of our conclusion regarding the insufficiency of the evidence to sustain the findings and judgment based on an alleged oral gift of the property in question, it is unnecessary for us to pass upon the other issues raised by the appellant.

The judgment is reversed and the court is directed to render judgment quieting title to the lots involved on this appeal in the appellant, Alpha Stores, Ltd.

Adams, P. J., and Peek, J., concurred.